IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| TITORIAN MOORE, <br><br> *Plaintiff,* <br><br> v. <br><br> SHERIFF DAVID DAVIS, *et al.,* <br><br> *Defendants.* | CIVIL ACTION NO. <br> **5:26-cv-00113-TES** |

## ORDER

Pro se Plaintiff Titorian Moore commenced this civil action on March 26, 2026, by filing a Complaint [Doc. 1] against Defendants Sheriff David Davis, Bibb County, Georgia, and Sergeant Michael Rhodes and moving for leave to proceed *in forma pauperis* ("IFP")—that is, without prepaying fees and costs. *See* [Doc. 2]. Because the Court **GRANTS** Plaintiff's Motion for Leave to Proceed IFP and waives the filing fee, the Court must screen his Complaint. *See* 28 U.S.C. § 1915(e).

### MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

Authority for granting a plaintiff permission to file a lawsuit without prepayment of fees and costs is found in 28 U.S.C. § 1915, which provides as follows:

> [Generally], any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security

therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses[1] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1). A plaintiff's application is sufficient to warrant a waiver of filing fees if it "represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004). After reviewing Plaintiff's application, the Court **GRANTS** Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* or, stated differently, grants him IFP status. [Doc. 2].

## FRIVOLITY REVIEW

### A.    Legal Standard

Since Plaintiff is proceeding *in forma pauperis*, § 1915(e) requires the Court to review his pleading to determine whether it is frivolous or malicious or fails to state a claim for which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii). The Eleventh Circuit has determined that "§ 1915(e), which governs proceedings *in forma pauperis* generally . . . permits district courts to dismiss a case 'at any time' if the complaint 'fails to state a claim on which relief may be granted.'" *Robinson v. United States*, 484 F. App'x 421, 422 n.2 (11th Cir. 2012) (per curiam) (quoting 28 U.S.C. § 1915(e)(2)(B)(ii)). The

---

[1] "Despite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to proceed [*in forma pauperis*]." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

proper contours of the term "frivolous," have been defined by the Supreme Court to encompass complaints that, despite their factual allegations and legal conclusions, lack an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). These types of complaints are subject to sua sponte dismissal by a district court. *Id.* at 324 (noting that dismissals under § 1915(e) "are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints").

More specifically, to survive this initial review, a claim must contain "sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Federal Rule of Civil Procedure 12(b)(6) "authorizes a court to dismiss a claim on the basis of a dispositive issue of law." *Neitzke*, 490 U.S. at 326 (citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)). Operating on the assumption that the factual allegations in the complaint are true, such dismissal procedure streamlines litigation by dispensing with unnecessary discovery and factfinding. *Id.* However, a complaint will survive under Rule 12(b)(6) if it alleges sufficient factual matter (accepted as true) that states a claim for relief that is plausible on its face. *McCullough v. Finley*, 907 F.3d 1324, 1333 (11th Cir. 2018) (citing *Ashcroft*, 556 U.S. at 678–79).

Frivolity review under § 1915(e), on the other hand, has a separate function. Section 1915(e) is designed to discourage the filing of—and waste of judicial and private

resources upon—baseless lawsuits that paying litigants generally do not initiate due to filing costs and the potential threat of sanctions associated with filing such a lawsuit. *Id.* "To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of [a] complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.* Even though Rule 12 and § 1915(e) both counsel dismissal and share "considerable common ground" with each other, one dismissal standard does not invariably encompass the other. *Id.* at 328. "When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against [a] plaintiff, dismissal on Rule 12(b)(6) grounds is appropriate, but dismissal on the basis of frivolousness is not." *Id.*

### B.   Plaintiffs' Complaint

Courts construe complaints filed by pro se plaintiffs liberally and hold their allegations to a less stringent standard than formal pleadings drafted by lawyers. *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003). However, despite the Court's liberal construction, a pro se litigant is still required to follow a court's local rules and the Federal Rules of Civil Procedure like litigants who are represented by counsel. *Fotse v. Angel Oak Prime Bridge, LLC*, 2020 WL 9936688, at *4 (N.D. Ga. Feb. 27, 2020) (citing *Allison v. Utah Cnty. Corp.*, 335 F. Supp. 2d 1310, 1313 (D. Utah 2004)).

In his Complaint, Plaintiff asserts that on multiple occasions while he was

4

incarcerated at the Bibb County Detention Center, various items of "legal mail" from an attorney, the Public Defender's Office, the United States District Court for the Middle District of Georgia, and the Bibb County Superior Court Clerk were opened before being delivered to Plaintiff. [Doc. 1, p. 2]. Plaintiff allegedly filed numerous grievances complaining that his legal mail had been opened outside his presence and that the legal mail had been withheld for periods ranging from approximately three weeks to six weeks. [*Id.* at pp. 2–3]. According to Plaintiff, he received responses indicating that Sgt. Michael Rhodes was responsible for incoming mail operations. [*Id.* at p. 3]. Despite numerous complaints, the conduct continued without corrective action which Plaintiff alleges interfered with attorney-client communications and his ability to communicate with the courts. [*Id.*].

Count I of Plaintiff's Complaint is for an alleged violation of Plaintiff's First Amendment rights. [*Id.*]. Plaintiff alleges that opening properly marked legal mail outside the presence of an inmate violates the First Amendment. Plaintiff further argues that "by delaying and interfering with Plaintiff's legal mail, Defendants obstructed Plaintiff's ability to communicate with courts and counsel." [*Id.*]. That concludes the extent of Plaintiff's conclusory allegations in Count I. With so little detail, the Court can't possibly parse out whether Plaintiff has a legitimate claim. There is no defendant specified along with no explanation as to why, exactly, this action violates Plaintiff's rights. Plaintiff has failed to even allege whether the mail that was supposedly opened

was even from *his* attorney or how he was damaged by this alleged conduct. Plaintiff's

bare legal conclusions are not enough to support a claim for violation of his First

Amendment rights.

The same can be said for Count II of Plaintiff's Complaint. Plaintiff alleges that

"[b]y delaying and interfering with Plaintiff's legal mail, Defendants obstructed

Plaintiff's ability to communicate with courts and counsel." [*Id.*]. This is a textbook

conclusory allegation and does not pass muster. Again, without more, the Court can't

evaluate Plaintiff's claims.

Count III of Plaintiff's Complaint suffers from the same maladies. Plaintiff

vaguely asserts that "[t]he repeated opening and withholding of legal mail

demonstrates an established practice within the Bibb County Detention Center." [*Id.*].

These allegations, however, amounts to nothing more than a legal conclusion, which the

Court is not bound to accept. *Iqbal*, 556 U.S. at 678. When a party merely offers legal

conclusions, courts must "identify [those] conclusory allegations and then discard

them—not 'on the ground that they are unrealistic or nonsensical' but because their

conclusory nature 'disentitles them to the presumption of truth.'" *McCullough*, 907 F.3d

at 1333 (11th Cir. 2018) (quoting *Iqbal*, 556 U.S. at 681). Plaintiff has listed no policy or

custom from Defendants that would necessitate a finding of liability.  When the Court,

as *McCullough* instructs, disregards Plaintiff's conclusory allegations, there is nothing

left for it to determine whether he states a plausible *Monell* claim against Macon-Bibb

County. Without more, these scant allegations are not enough to sustain a claim under § 1983 against Defendants.

Count IV of Plaintiff's Complaint fares no better. Plaintiff asserts that "[s]upervisory officials may be held liable where they knew of unconstitutional conduct and failed to correct it" and that "Sheriff David Davis had knowledge of grievances and failed to remedy unconstitutional practices." [*Id.*]. Again, without more, these conclusory allegations will not support a claim for "supervisory liability." The Court cannot take the leap of construing Plaintiff's bare factual allegations as sufficient to state a claim.

### C.     Order to Recast

If Plaintiff wishes to proceed with this action, the Court **ORDERS** Plaintiff to recast his Complaint within **21 DAYS** of the date of this Order. When drafting his Recast Complaint, Plaintiff must list, preferably in numbered paragraphs, responses to the following questions (to the extent possible) along with the name of each Defendant:

(1)  What did each Defendant do (or not do) to violate your rights? In other words: What was the extent of each Defendant's authority or role in the allegedly prohibited conduct? Was that Defendant personally involved in the alleged violation? If not, did that Defendant's actions otherwise cause the alleged violation? How do you know?

(2) When and where did each violation occur (to the extent memory allows)?

(3) How were you harmed as a result of each Defendant's actions or decisions?

(4) How and when did each Defendant learn of the purported violation?

(5) What did each Defendant do (or not do) in response to this knowledge?

(6) What relief do you seek from each Defendant?

Plaintiff should state his claims as simply as possible and need not use legal terminology or cite any specific statute or case law to state a claim. *See* Fed. R. Civ. P. 8. When submitted for filing, Plaintiff's Recast Complaint must show this case number: **5:26-cv-00113-TES**. Plaintiff's failure to comply with this Order may result in the dismissal of this action for failure to prosecute. *See* Fed. R. Civ. P. 41(b).

## <u>CONCLUSION</u>

Based on the foregoing, the Court **GRANTS** Plaintiff's Motion for Leave to Proceed IFP [Doc. 2]. Once Plaintiff files his Recast Complaint, the Court will review his pleading to determine whether it is frivolous pursuant to 28 U.S.C. §1915(e).

**SO ORDERED**, this 30th day of March, 2026.

<u>S/ Tilman E. Self, III</u>
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**