IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

|  |  |
|---|---|
| TITORIAN MOORE,<br><br>    *Plaintiff,*<br><br>v.<br><br>SHERIFF DAVID DAVIS, *et al.,*<br><br>    *Defendants.* | CIVIL ACTION NO.<br>**5:26-cv-00113-TES** |

### ORDER

Pro se Plaintiff Titorian Moore commenced this civil action on March 26, 2026, by filing a Complaint [Doc. 1] against Defendants Sheriff David Davis, Bibb County, Georgia, and Sergeant Michael Rhodes and moving for leave to proceed *in forma pauperis* ("IFP")—that is, without prepaying fees and costs. *See* [Doc. 2].  Because the Court granted Plaintiff's Motion for Leave to Proceed IFP and waived the filing fee, the Court then had to screen his Complaint. *See* 28 U.S.C. § 1915(e).

After review of the Complaint, the Court determined that there was simply not enough information included in Plaintiff's Complaint and instructed Plaintiff to recast his Complaint. *See* [Doc. 4].  The Court's Order to Recast included a list of information that should be included in Plaintiff's Recast Complaint, including "[w]hen and where each violation occur[ed] . . . " [*Id.* at p. 7]. Plaintiff, however, failed to include this pertinent information in his Recast Complaint. Without information concerning when

each alleged violation occurred, the Court cannot effectively review Plaintiff's

allegations as required under 28 U.S.C. § 1915(e).

As such, Plaintiff is instructed to recast his Complaint once again within **10

DAYS** of the date of this Order. As a reminder, when drafting his Recast Complaint,

Plaintiff must list, preferably in numbered paragraphs, responses to the following

questions (to the extent possible) along with the name of each Defendant:

(1)  What did each Defendant do (or not do) to violate your rights? In other words:

What was the extent of each Defendant's authority or role in the allegedly

prohibited conduct? Was that Defendant personally involved in the alleged

violation? If not, did that Defendant's actions otherwise cause the alleged

violation? How do you know?

(2) When and where did each violation occur (to the extent memory allows)?

(3) How were you harmed as a result of each Defendant's actions or decisions?

(4) How and when did each Defendant learn of the purported violation?

(5) What did each Defendant do (or not do) in response to this knowledge?

(6) What relief do you seek from each Defendant?

Plaintiff should take special care to include any relevant dates related to his

allegations in his second Recast Complaint. Plaintiff should state his claims as simply as

possible and need not use legal terminology or cite any specific statute or case law to

state a claim. *See* Fed. R. Civ. P. 8. When submitted for filing, Plaintiff's Recast

2

Complaint must show this case number: **5:26-cv-00113-TES**. Plaintiff's failure to comply with this Order may result in the dismissal of this action for failure to prosecute. *See* Fed. R. Civ. P. 41(b).

## CONCLUSION

Once Plaintiff files his second Recast Complaint, the Court will review his pleading to determine whether it is frivolous pursuant to 28 U.S.C. §1915(e).

**SO ORDERED**, this 8th day of May, 2026.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**