IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

TITORIAN MOORE,

    *Plaintiff,*

v.

SHERIFF DAVID DAVIS, *et al.,*

    *Defendants*.

CIVIL ACTION NO.
**5:26-cv-00113-TES**

**ORDER**

On March 30, 2026, the Court issued an Order to Recast requiring Plaintiff Titorian Moore to recast his Complaint. *See* [Doc. 4]. The Court's Order to Recast included a list of information that should be included in Plaintiff's Recast Complaint, including "[w]hen and where each violation occur[ed] . . . " [*Id.* at p. 7]. As such, Plaintiff filed his Recast Complaint on May 4, 2026. [Doc. 9]. Nonetheless, Plaintiff failed to include the pertinent information in his Recast Complaint. Without information concerning when each violation occurred, the Court determined that it could not effectively review Plaintiff's allegations as required under 28 U.S.C. § 1915(e). The Court, in turn, issued a second Order to Recast on May 8, 2026. *See* [Doc. 10]. Plaintiff was given ten days from the date of the Order [Doc. 10] to file a second Recast Complaint. He has thus far failed to do so.

Plaintiff was explicitly warned in both the Order to Recast and the Second Order

to Recast that his "failure to comply with [these Orders] may result in the dismissal of this action for failure to prosecute" pursuant to Fed. R. Civ. P. 41(b). *See* [Doc. 4, p. 8]; [Doc. 10, p. 3]. Plaintiff has unquestionably failed to obey a court order, and "Rule 41(b) authorizes a district court to dismiss an action for failure to obey a court order." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). The Court recognizes that dismissal is an "extraordinary" remedy, but it is justified "where there is a clear record of 'willful' contempt and an implicit or explicit finding that lesser sanctions would not suffice." *Moon*, 863 F.2d at 837; *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (citing *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985)).

Further, the Eleventh Circuit has held time and time again that "dismissal upon disregard of an order, especially where the litigant has been forewarned," can be a permissible sanction even when a litigant is proceeding pro se. *See, e.g.*, *Moon*, 863 F.2d at 837 ("If a *pro se* litigant ignores a discovery order, [s]he is and should be subject to sanctions like any other litigant."); *see also Middlebrooks v. City of Macon-Bibb Cnty., Ga.*, No. 24-10705, 2025 WL 753377, (11th Cir. Mar. 10, 2025). Plaintiff's "status as a pro se litigant doesn't grant [him] a license to ignore . . . rules and orders nor does it shield [him] from the consequences of [his] failure to comply." *Amaechi v. Geico*, No. 5:20-cv-00442-TES, 2022 WL 4134733, at *4 (M.D. Ga. Sept. 12, 2022), *aff'd* No. 22-13450, 2024 WL 710546 (11th Cir. Feb. 21, 2024).

Despite numerous warnings, Plaintiff has failed to obey the Court's orders.

Therefore, based on his "repeated[] and stubborn[] defian[ce]" in "dutifully prosecut[ing] [his] case" despite the Court's clear warning of this potential sanction, the Court finds that dismissal under Rule 41(b) is warranted. *Moon*, 863 F.2d at 839; *Gratton*, 178 F.3d at 1374 (citing Fed. R. Civ. P. 41(b)) ("Rule 41(b) authorizes a district court to dismiss a complaint for failure . . . to comply with a court order . . . ."). As such, the Court **DISMISSES** Plaintiff's claims without prejudice. The Court directs the Clerk of Court to enter judgment closing this case.

        **SO ORDERED**, this 27th day of May, 2026.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**

3