IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| TITORIAN MOORE,<br><br>        *Plaintiff,*<br><br>v.<br><br>SHERIFF DAVID DAVIS, *et al.,*<br><br>        *Defendants.* | CIVIL ACTION NO.<br>**5:26-cv-00113-TES** |

**ORDER**

On May 27, 2026, the Court dismissed Plaintiff's claims without prejudice. [Doc. 11]. The basis of the Court's dismissal was Plaintiff's repeated failure to comply with the Court's orders — namely the Court's multiple orders to recast. *See* [Doc. 4]; [Doc. 10]; [Doc. 11]. On June 1, 2026, however, Plaintiff filed a new Recast Complaint. [Doc. 13].

The Second Recast Complaint [Doc. 13] indicates that it was "[p]repared on May 13, 2026" and reflects that the document was signed and dated that day as well. [Doc. 13, pp. 1, 6]. Attached to Plaintiff's filing is the envelope that the Second Recast Complaint was supposedly mailed in. [Doc. 13-1]. Curiously, the envelope displays no postmark date, so it is impossible for the Court to determine if and when Plaintiff delivered his mail to the postal service or if it was even mailed. [*Id.*].

What is revealed from the envelope, however, is that Plaintiff resides at a

residential address in Douglasville, Georgia. [*Id.*]. This means that Plaintiff is not currently a pro se prisoner. The filings of pro se prisoners are generally deemed filed when they are delivered to prison authorities for mailing to the court clerk. *Houston v. Lack*, 487 U.S. 266, 266 (1988). But, as a non-prisoner, Plaintiff is subject to the general rule that a pleading is considered filed when it is delivered to a clerk or to a judge who agrees to accept it for filing, not when it is delivered to the post office for mailing. *See* Fed. R. Civ. P. 5(d)(2). Accordingly, Plaintiff's Second Recast Complaint should have been received by the Court no later than May 18, 2026.[1] Plaintiff's Second Recast Complaint was not received by the Court until June 1, 2026. [Doc. 13].

## CONCLUSION

As such, Plaintiff's Second Recast Complaint is untimely. In addition, Plaintiff's Motion to Continue [Doc. 14] and Motion to Appoint Counsel [Doc. 15] are **DENIED** as moot.

**SO ORDERED**, this 4th day of June, 2026.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**

---

[1] As outlined in previous orders [Doc. 11], the Court issued a second Order to Recast on May 8, 2026. *See* [Doc. 10]. Plaintiff was given ten days from the date of the Order to file a second Recast Complaint, meaning that his Second Recast Complaint should have been filed on or before May 18, 2026. [*Id.*].